IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

OCTAVIA LEWIS-BROWN                                          PLAINTIFF

V.                      Case No. 3:25-CV-00133-JM-BBM

FRANK BISIGNANO, Commissioner,
Social Security Administration                              DEFENDANT

## RECOMMENDED DISPOSITION

This Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody, Jr. Either party may file written objections to this Recommendation. Those objections should be specific and should include the factual or legal basis for the objection. To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation. If no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

## I.      INTRODUCTION

Octavia Lewis-Brown applied for Title XVI supplemental security income on September 28, 2020. (Tr. at 192). On October 22, 2020, she filed a Title II application for disability and disability insurance benefits. *Id*. In both applications, she alleged disability beginning on August 14, 2020. *Id*. She alleged disability resulting from carpal tunnel syndrome, morbid obesity, arthritis, knee pain, back pain, anxiety, and high blood pressure. (Tr. at 112). Her applications were denied both initially and upon reconsideration, and she requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. at 255). Following

the hearing, the ALJ denied Lewis-Brown's claim on February 24, 2023. (Tr. at 189). The Appeals Council remanded the claim for further administrative review on September 5, 2023. (Tr. at 211). On April 12, 2024, the ALJ conducted a remand hearing. (Tr. at 24). At that hearing, the onset date of disability was amended to December 28, 2021. *Id*. The ALJ denied the applications again on May 16, 2024. (Tr. at 21–37). The Appeals Council declined to review the decision, and the ALJ's decision now stands as the final decision of the Commissioner. (Tr. at 11–13). Lewis-Brown seeks judicial review, and for the reasons stated below, this Court recommends that the decision of the Commissioner be reversed and that this case be remanded for further proceedings.

## II.    THE COMMISSIONER'S DECISION

At step one of the sequential five-step analysis,[1] the ALJ found Lewis-Brown had not engaged in substantial gainful activity since the amended alleged onset date of disability—December 28, 2021. (Tr. at 27). At step two, the ALJ determined that Lewis-Brown had the following medically-determinable and severe impairments: degenerative disc disease, degenerative joint disease, bilateral carpal tunnel syndrome, bilateral tenosynovitis, anxiety, depression, and morbid obesity. *Id*. After finding that none of these impairments or combination of impairments met or medically equaled a listed impairment, the ALJ decided that Lewis-Brown had the residual functional capacity ("RFC") to perform

---

[1] Using a five-step sequence, the ALJ determines: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520, 416.920(a)(4).

work at the sedentary-exertional level with the following limitations: (1) can never climb ladders, ropes, or scaffolding, but can occasionally climb ramps and stairs; (2) can occasionally stoop, kneel, crouch, and crawl; (3) can frequently perform bilateral handling and fingering; (4) must avoid concentrated exposure to irritants such as fumes, odors, dusts, gases, and poorly ventilated areas, as well as exposure to unprotected heights and hazardous machinery; (5) can use judgment to make simple work-related decisions; (6) can maintain concentration, persistence, and pace for simple tasks; (7) can understand, carry out, and remember simple work instructions and procedures; and (8) can adapt to changes in the work setting that are simple and predictable and can be easily explained. (Tr. at 27–30).

The ALJ found that Lewis-Brown is unable to perform any past relevant work. (Tr. at 35). Based on the testimony of a vocational expert, however, the ALJ found that a significant number of jobs exist in the national economy for someone with the same age, education, work experience, and RFC as Lewis-Brown. (Tr. at 35–37). As a result, the ALJ concluded that Lewis-Brown was not disabled. *Id*.

## III.    DISCUSSION

### A.    Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is "supported by substantial evidence on the record as a whole and whether it is based on legal error." *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). "Substantial evidence is that which a 'reasonable mind might accept as adequate to support a conclusion,' whereas substantial evidence on the record as a whole

entails 'a more scrutinizing analysis.'" *Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted). "Our review 'is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision. . . . [W]e also take into account whatever in the record fairly detracts from that decision.'" *Gann v. Berryhill*, 864 F.3d 947, 950–51 (8th Cir. 2017) (citation omitted). "Reversal is not warranted, however, 'merely because substantial evidence would have supported an opposite decision.'" *Reed*, 399 F.3d at 920 (citation omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*. (citation omitted).

**B.    Lewis-Brown's Argument on Appeal**

Lewis-Brown asserts that the ALJ's decision is not supported by substantial evidence. She specifically argues that the ALJ erred in how he evaluated the opinions of the two state-agency reviewing psychological consultants, Dr. Abesie Kelly, Ph.D., and Dr. Brian O'Sullivan, Ph.D. The Court agrees and recommends remand.

At the initial level of record review, Dr. Kelly opined that Lewis-Brown was mildly limited in understanding, remembering, or applying information and interacting with others. (Tr. at 120, 127, 142). Dr. Kelly said that Lewis-Brown was moderately limited in

4

concentration, persistence, or maintaining pace. *Id*. She added that Lewis-Brown could perform work where interpersonal contact is routine but superficial; complexity of tasks is learned by experience, with several variables and judgment within limits; and supervision required is little for routine tasks, but detailed for non-routine tasks. (Tr. at 127).

At the reconsideration level of record review, Dr. Sullivan opined that Lewis-Brown was mildly limited in understanding, remembering, or applying information, interacting with others, and adapting and managing oneself. (Tr. at 160–71). This differed from Dr. Kelly's opinion to some degree, as Dr. Kelly did not find a mild limitation in adapting and managing oneself. Dr. O'Sullivan affirmed Dr. Kelly's statement that Lewis-Brown would be moderately limited in concentration, persistence, and maintaining pace. (Tr. at 170). He reiterated Dr. Kelly's other RFC findings but added a narrative that Lewis-Brown could "keep average if sometimes varying pace for simple routine and detailed tasks with concentration challenged at times by mood and anxiety reaction to physical discomfort [and] any related limits." (Tr. at 174).

The ALJ evaluated these opinions and concluded the following:

> [Dr. Kelly's] opined restrictions were largely supported by the consultative examination findings, which reflected the claimant's anxious presentation, but otherwise normal clinical findings showing recall of three of three objects after a five-minute delay and serial 3's tasks from 97 to 70 at a moderate rate correctly.[2] Upon reconsideration, Brian O'Sullivan Ph.D. affirmed Dr. Kelly's opinion. However, these opinions are only partially consistent with the remainder of the record, including the claimant's report that she changed in her thought process

---

[2] Lewis-Brown underwent a consultative examination in 2021, and the examiner found that Lewis-Brown had low-to-moderate ability to get tasks done within an acceptable time frame and to sustain concentration. The ALJ found this to be vague and unpersuasive. (Tr. at 34, 898–901).

quickly, but in hearing testimony she was able to recall and relay her work background and follow along during the hearing without difficulty. I find the opined restriction to simple work is persuasive, but the limitation to superficial interpersonal contact was not consistent with the remainder of the record, which noted normal mood, cooperation during the hearing, and testimony that Lewis Brown lived with her family and did not relate problems in their interactions. Given this evidence, I do not find the opined interaction restriction persuasive.

Tr. at 34–35.

Lewis-Brown contends that the ALJ failed to evaluate properly or discuss the supportability and consistency of these opinions. On January 28, 2017, the Administration promulgated regulations governing how ALJs assess medical opinion evidence. These rules provide that an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)." *See* 20 C.F.R. §§ 404.1520c(a)–(c), 416.920c(a)–(c) (2017). Instead, ALJs are required to analyze whether opinion evidence is persuasive, based on: (1) supportability; (2) consistency with the evidence; (3) relationship with the claimant [which includes: (i) length of treatment relationship; (ii) frequency of examinations; (iii) purpose of the treatment relationship; (iv) extent of the treatment relationship; and (v) examining relationship]; (4) provider specialization; and (5) any other important factors. *See* 20 C.F.R. §§ 404.1520c(c), 416.920c(c). An opinion is "more persuasive if it is supported by explanation and relevant objective medical evidence, and it is consistent with other evidence in record." *Norwood v. Kijakazi*, No. 21-3560, 2022 WL 1740785, *1 (8th Cir. May 31, 2022) (per curiam) (citing 20 C.F.R. §§ 404.1520c(c), 416.920c(c)). An ALJ must give good reasons for his findings about an opinion's persuasiveness. *Phillips v. Saul*, No 1:19-CV-00034-BD, 2020 WL 3451519, *2 (E.D. Ark.

6

June 24, 2020) (citing Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 FR 5844-01, at 5854, 5858 (January 18, 2017), & Articulation Requirements for Medical Opinions and Prior Administrative Medical Findings – Claims filed on or after March 27, 2017, SSA POMS DI 24503.030). The first two factors—supportability and consistency—are the most important, and an ALJ must explain how he evaluated those two factors. 20 C.F.R. §§ 404.1520c(a), 416.920c(a); *Bowers v. Kijakazi*, 40 F.4th 872, 875 (8th Cir. 2022). "Ultimately, 'an ALJ must comply with the regulations governing how the agency evaluates opinion evidence,' and a 'failure' to do so is 'legal error,'" *Martin v. Bisignano*, No. 4:25-CV-000385-JM-BBM, 2026 WL 1625194, *3 (E.D. Ark. June 5, 2026), *report and recommendation adopted*, 2026 WL 1868185 (E.D. Ark. June 29, 2026) (citation and footnote omitted); *accord Lucus v. Saul*, 960 F.3d 1066, 1069–70 (8th Cir. 2020); *Taylor v. Bisignano*, No. 4:24-CV-00843-LPR-BBM, 2026 WL 468907, *5 (E.D. Ark. Jan. 13, 2026), *report and recommendation adopted*, 2026 WL 466711 (E.D. Ark. Feb. 18, 2026).

In this case, although the ALJ noted that Dr. Kelly's opinion is "supported by" the consultative-examination findings, the ALJ was, in fact, evaluating the *consistency* of Dr. Kelly's opinion with other evidence in the record, in this instance the consultative examiner's findings. The ALJ did not address the *supportability* of Dr. Kelly's opinion, *i.e.*, the relevance of the objective medical evidence and supporting explanations presented by Dr. Kelly. 20 C.F.R. §§ 404.1520c(c)(1); 416.920c(c)(1). Although this Court is cognizant that analyzing the supportability of the opinion of a state-agency consultant—a medical professional who reviews the claimant's records and does not examine the

claimant—may present unique challenges, the law is well established that an ALJ is required to do so. *Id*. §§ 404.1520c(a), 416.920c(a); *Bowers*, 40 F.4th at 875; *see also Mary W. v. Comm'r of Soc. Sec.*, No. 2:20-CV-5523, 2022 WL 202764, \*10 (S.D. Ohio Jan. 24, 2022) ("For the ALJ to have adequately discussed the supportability of the State agency psychologists' opinions, the ALJ needed to evaluate what the State agency psychologists said they based their opinions on—not simply how their opinions compared to the record evidence as a whole, which only goes to the consistency of the State agency psychologists' opinions."), *report and recommendation adopted sub nom.*, *Wiseman v. Comm'r of Soc. Sec.*, 2022 WL 394627 (S.D. Ohio Feb. 9, 2022); *accord Taylor*, 2026 WL 468907, at \*5 ("Although the ALJ used the words 'supported' and 'consistent' in his brief statements about the DDS opinions, it is not enough merely to mention those two prongs. The ALJ must give reasons for his findings . . . ."); *Guess v. Kijakazi*, No. 4:20-CV-887-JTR, 2021 WL 5983193, \*4 (E.D. Ark. Dec. 17, 2021) (explaining that "an ALJ must address both supportability and consistency with respect to a medical opinion, and he must offer good reasons for his determination. Merely sprinkling his discussion with those two words does not suffice.").

Turning to Dr. O'Sullivan's opinion, the ALJ again failed to address or evaluate supportability in any way. Notably, the ALJ did not address (1) Dr. O'Sullivan's narrative statement (above); (2) the difference in the two opinions' findings about adaptive limitations; or (3) Dr. O'Sullivan's finding that Lewis-Brown was mildly limited in adapting and managing oneself. In fact, the ALJ's short paragraph about the opinions failed

8

to differentiate them in any way. (Tr. at 34–35).[3]  The ALJ's lack of discussion or analysis of the supportability of the medical opinions of the state-agency psychological consultants frustrates this Court's ability to conduct meaningful review. *See Chunn v. Barnhart*, 397 F.3d 667, 672 (8th Cir. 2005) (remanding because the ALJ's factual five-step findings were insufficient for meaningful appellate review); *Martin*, 2026 WL 1625194, at *4 ("Where inadequacies in an ALJ's analysis frustrate meaningful review, remand is warranted.").

In short, the law requires that the ALJ explain how he evaluated supportability and consistency when assessing medical-opinion evidence. 20 C.F.R. § 416.920c(a); *Bowers*, 40 F.4th at 875. Here, because the ALJ failed to do so, the Court cannot find that his opinion is supported by substantial evidence on the record as a whole, and remand is required.

## IV.   CONCLUSION

For the reasons stated above, the Court recommends that the Commissioner's decision be reversed and that this case be remanded for further proceedings.

DATED this 9th day of July, 2026.

*Benecia Moore*

UNITED STATES MAGISTRATE JUDGE

---

[3] The ALJ also relied heavily upon his own observations at the hearing (which, notably, was a telephone hearing), and he used these observations to counter the two psychologists' opinions. (Tr. at 34–35). An ALJ is allowed to make observations about a claimant, but they "are not dispositive and cannot, without more, 'constitute substantial evidence supporting the [Commissioner's] decision,'" *Millard v. Berryhill*, No. 8:18-CV-452, 2019 WL 2502876, *5 (D. Neb. June 17, 2019) (quoting *Miller v. Sullivan*, 953 F.2d 417, 422 (8th Cir. 1992)); *see Miller*, 953 F.2d at 422 ("Although the demeanor of a claimant may be noticed by an ALJ, the ALJ cannot reject a claimant's credibility on account of failure to 'sit and squirm' during a hearing."); *Reinhart v. Sec'y of Health & Hum. Servs.*, 733 F.2d 571, 573 (8th Cir. 1984) ("the ALJ is not free to reject the claimant's complaints of pain solely on the basis of the personal observations made of the claimant during the hearing").